IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRVING COURTLEY JONES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA HOUSING DEPARTMENT | : | No. 12-CV-4104 |
| | : | |

**MEMORANDUM AND ORDER**

Ditter, J.                                                                                                         November 27, 2013

Plaintiff, Irving Courtley Jones, has filed a *pro se* amended complaint[1] alleging the City of Philadelphia discriminated against him when it failed to hire him as an appraiser for the City's housing department. The City has reasserted its motion to dismiss for failure to state a claim (Doc. # 11). I shall grant the motion.

**1. Factual background**

Jones is a 57 year-old African American man. In his amended complaint, Jones raises the following claims: 1) race discrimination under Title VII, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981; 2) age discrimination under the Age Discrimination Act of 1967 (ADEA); 3) violation of his First Amendment rights because he is a member of the Communist Party; and 4) violation of the Thirteenth Amendment bar on slavery.

According to his amended complaint, Jones applied for employment with the City

---

[1] Jones's original complaint was dismissed for failure to state a claim and he was given thirty days to file an amended complaint.

of Philadelphia Housing Department as a "Real Property Evaluator 1." *Am. Cmpl.* at 4. He does not state when he applied for this position. Jones acknowledges that he does not meet the minimum requirements for the position, but contends that his education and experience should have been found sufficient to satisfy the department's posted requirements; specifically those listed in "Option 1." *Id.* at 7. Under Option 1, an applicant must have either a bachelor's degree or be a certified Pennsylvania evaluator *and* must also have one year of experience appraising real property for a professional organization. Jones has a 1978 bachelor's degree from Georgia State University but he does not have an appraiser's certification or any experience appraising real property. He asserts that his degrees in liberal arts, teaching the visual arts, theology, and his 1981 Juris Doctor degree[2] are a reasonable substitute for his lack of experience. He has published several books of poetry and written two novels and several short stories. He also recounts the various courses he took in school, his military experience and his training in photography, computers, writing and communications to further bolster his qualifications.

**2. Standard of review**

The standard of review for a motion to dismiss is well established. Under Rule 12(b)(6) a complaint may be dismissed for failure to state a claim upon which relief can be granted. I must accept as true the facts and allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable

---

[2] Jones took the bar exam in the "mid eighties." *Am. Cmpl.* at 6. He failed the multi-state portion of the exam but passed the New Jersey essay portion. *Id.*

to the non-moving party.  I may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.[3]

### 3. Discussion

#### A. Discrimination claims

To state a *prima facie* case of employment discrimination for failure to hire, Jones must assert that he:  (1) is a member of a protected class; (2) was qualified for the position sought; (3) was rejected despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to Jones's to fill the position.  *Waris v. Heartland Home Healthcare Servs.,* 365 Fed. Appx. 402, 404 (3d Cir. 2010) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  This analysis applies to both race and age discrimination claims under Title VII, the ADEA or § 1981.

If Jones presents a *prima facie* case, the burden shifts to the City to show that the action it took was not discriminatory.  *Id.*  If the City presents a non-discriminatory reason for its decision not to hire Jones, the burden shifts back to Jones to contradict "the core facts put forward by the employer as the legitimate reason for its decision." *Id.*

A review of the amended complaint in the light most favorable to Jones reveals he has failed to make out a *prima facie* case of discrimination.  In fact, the only thing he has

---

[3] Of course, only facts relevant to the claims raised against the defendant will be considered.  Jones's recitation of historical events and past wrongs he may have suffered are not.

asserted is that he meets step one because he is an African American, over age 40, and therefore a member of a protected class.

As set forth above, Jones concedes that he does not meet the requirements for the position but he claims the City discriminated against him because it did not accept his education and experience as a substitute. He asserts no facts to support the theory that the City's decision not to accept his 30 year-old educational background as an equivalent to the required appraisal experience was unreasonable or based on any improper discriminatory motive. Nor does he contend the City sought out others with his qualifications to fill the position. Thus, he fails to meet steps two through four.

Even if he could overcome this deficit, Jones has failed to assert any facts to rebut the City's non-discriminatory reason for not hiring him – it had simply determined he lacked the requisite qualifications and those qualifications were reasonably related to the performance of the job. There are no facts alleged suggesting that this decision was based on Jones's race or age. Nor is there any allegation that individuals who were outside his class, but had the same lack of qualifications, were hired for this position.

In sum, the City was justified in its decision not to hire Jones for a position he was not qualified to perform and there are no facts alleged that state discriminatory intent. Jones's race and age discrimination claims must be dismissed.

    B. <u>First Amendment claim</u>

Jones states that he is a member of the Communist Party but his amended

complaint makes no connection between this fact and the actions of the City.  Perhaps in recognition of this defect he abandons this claim in his response to the motion to dismiss.

To state a *prima facie* case of First Amendment retaliation, Jones must show that: 1) he was engaged in a constitutionally-protected activity; 2) he suffered retaliatory actions that would cause a person of ordinary firmness not to exercise their First Amendment right; and 3) there is a causal link between the retaliation and the protected speech.  *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).  In the absence of any facts that would satisfy this burden, Jones's claim must be dismissed.

### C.  Thirteenth Amendment claim

Again, Jones has failed to assert any facts in his amended complaint that would support a claim for a violation of the prohibition against slavery or involuntary servitude, nor has he alleged that the City is involved in any such activities.

In support of his claim that his rights under the Thirteenth Amendment have been violated, Jones states the following:

> The violation of the thirteen the [sic] Amendment is real.  Without food and clothing, without the payment of wages a person is reduced to slavery.  Plaintiff stands before this court in rags, through no fault of his own.  He has no money and demands justice and retribution for his lack of pay brought on by the willful acts of the officials of the City of Philadelphia.

*Plt. Resp.* at 4.  Based on the allegations in his amended complaint, the only contact Jones had with the City was to apply for a position he was not qualified to fill.  There is no assertion that Jones was compelled to work for the City without pay or that the City did

5

anything conceivably in violation of the Thirteenth Amendment.  This claim is clearly baseless and must be dismissed.

### 4. Conclusion

In sum, the allegations contained in the complaint establish that Jones was not qualified for the position of Real Property Evaluator I, and therefore, his complaint must be dismissed for failure to state a claim on which relief can be granted.  Any further amendment of the complaint would be futile.

An appropriate order follows.